Gary A. Zipkin, Esq.
GUESS & RUDD P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    793-2200
Fax:      793-2299
Email:    gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL RIELAND | ) | |
| | ) | |
| Plaintiff, | ) | U.S. District Court Case |
| | ) | 3:06-CV-00073 TMB |
| vs. | ) | |
| | ) | |
| RANDOLPH KENNEDY, | ) | |
| | ) | Alaska Superior Court |
| Defendant. | ) | Case No. 3AN-06-5506 CI |
| | ) | |

KENNEDY'S ANSWER TO THE COMPLAINT

Randolph Kennedy, by and through his attorneys, Guess & Rudd P.C., hereby answer plaintiff's Complaint, paragraph by paragraph, as follows:

1.   Mr. Kennedy admits the allegations contained in paragraph 1.

2.   Mr. Kennedy admits the allegations contained in paragraph 2.

3. In response to the allegations contained in paragraph 3, Mr. Kennedy admits only that his car barely touched the back of plaintiff's car at very low speed, and denies all remaining allegations.

4. The allegations contained in paragraph 4 of plaintiff's complaint state a conclusion of law requiring no response from Mr. Kennedy.

5. In response to the allegations contained in paragraph 5, Mr. Kennedy admits only that his car barely touched the back of plaintiff's car at very low speed, and denies all remaining allegations.

6. Mr. Kennedy denies the allegations contained in paragraph 6.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed properly to mitigate his damages.

2. To the extent that plaintiff has received any compensation for the same injuries asserted in his Complaint from

collateral sources that do not have a right of subrogation by law or contract, answering defendants are entitled to introduce evidence of said collateral benefits pursuant to the provisions of AS 09.17.070.

3. To the extent that plaintiff has received any compensation for the same injuries asserted in his Complaint from collateral sources that do have a right of subrogation by law or contract and which have instructed plaintiff not to pursue subrogation for them, although evidence of the expenses may be presented to the trier of fact as evidence bearing on the severity of plaintiff's injuries, evidence of such expenses must be deducted from any recovery plaintiff receives.

4. Mr. Kennedy reserves the right to assert additional affirmative defenses following a reasonable period of discovery.

WHEREFORE, having fully answered plaintiff's Complaint, Mr. Kennedy prays for the following relief:

A. That plaintiff's Complaint be dismissed with prejudice and that plaintiff recover nothing as against Mr. Kennedy;

B.  That, in the event plaintiff obtains a judgment against Mr. Kennedy, plaintiff only recover the percentage of plaintiff's damages that corresponds to Mr. Kennedy's fault;

C.  That Mr. Kennedy be awarded his reasonable costs and attorney's fees incurred in the defense of this action; and

D.  That Mr. Kennedy be awarded such other and additional relief as the court deems just and proper.

DATED at Anchorage, Alaska, this 27th day of April, 2006.

>
> GUESS & RUDD P.C.
> Attorneys for Defendant Randolph Kennedy
>
> By:    S/Gary A. Zipkin
> Guess & Rudd P.C.
> 510 L Street, Suite 700
> Anchorage, Alaska  99501
> Phone: 907-793-2200
> Fax:   907-793-2299
> Email: gzipkin@guessrudd.com
> Alaska Bar No. 7505048

F:\DATA\6039\1\pleading\00 CAP SERV-Federal.doc

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
27th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Blaine D. Gilman, Esq.
Robertson, Monagle & Eastaugh, P.C.
150 North Willow Street, Suite 33
Kenai, Alaska 99611

Guess & Rudd P.C.


By:   <u>S/Gary A. Zipkin  </u>